# EXHIBIT A

FILED
Court Administrator

AUG 0 2 2012

By _____ Deputy

STATE OF MINNESOTA

COUNTY OF RAMSEY

IN THE DISTRICT COURT
SECOND JUDICIAL DISTRICT
CASE TYPE: Quiet Title

---

Caylin Crawford,

      Plaintiff,

v.

Federal Home Loan Mortgage Corporation
U.S. Bank, National Association

      Defendant.

**SUMMONS**

---

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's

Attorney an Answer to the Complaint which is herewith served upon you, within twenty

(20) days after service of the Summons upon you, exclusive of the date of service. If you

fail to do so, judgment by default will be taken against you for the relief requested in the

Complaint.  This is a quiet title action.  This civil action is subject to the Alternative

Dispute Resolution processes.

Dated:  August 2, 2012

                              Lawrence A. Moloney
                              Attorney # 165876
                              Southern Minnesota Regional
                                Legal Services
                              55. East Fifth St. Suite 400
                              St. Paul, Minnesota 55101
                              651-222-5863

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**IN THE DISTRICT COURT**
**SECOND JUDICIAL DISTRICT**
**CASE TYPE: Quiet Title**

---

Caylin Crawford,

       Plaintiff,

v.

Federal Home Loan Mortgage Corporation,
U.S. Bank, National Association

       Defendant.

**COMPLAINT**

---

Comes now the Plaintiff and for her causes of action against the Defendants, states and alleges as follows:

## INTRODUCTION

1. This suit is a quiet title action by plaintiff Caylin Crawford ("Crawford") challenging the legality and validity of the foreclosure by advertisement brought by defendants against her home located in Saint Paul, Minnesota at 989 Seminary Ave. Plaintiff continues to reside in her home. As described below, during the foreclosure process. Defendants violated plaintiff's right to reinstate her mortgage pursuant to Minn. Stat. §580.30 and further violated a contract between the parties under which defendants contracted not to go forward with the sheriff sale scheduled for October 18, 2011. Plaintiff is seeking an order voiding the sheriff sale and the foreclosure and enjoining any effort to evict plaintiff from her home.

## PARTIES

2.   Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a federally chartered, privately held corporation with its principal place of business in McLean, Virginia. Freddie Mac held Crawford's mortgage.

3.   Defendant U.S. Bank is a corporation headquartered in Minneapolis, Minnesota.

4.   Plaintiff Crawford is a resident of Minnesota residing at 989 Seminary Ave. St. Paul, Minnesota 55104, Ramsey County.

## FACTS

5.   Crawford purchased her home located at 989 Seminary Ave. St. Paul, Minnesota 55104 on June 9, 2008. The mortgage was obtained through a housing program of the City of Saint Paul and the mortgagee was the Housing and Redevelopment Authority of the City of Saint Paul. The mortgage was subsequently assigned to US Bank, National Association.  The mortgage was recorded with the Ramsey County Recorder on September 18, 2008 as Document No. 4117157.

6.   In February of 2010 Crawford began experiencing debilitating migraines which required her admittance to the emergency room from two to three times per week. In March of 2010 Crawford was diagnosed with Fibromyalgia and Acute Chronic Migraines. Due to her medical condition, Crawford was let go from her job. She subsequently found part-time and seasonal work. Also, Crawford's roommate prematurely vacated Crawford's residence and stopped paying rent. The decrease in income coupled with the loss of her roommate contributing towards the mortgage resulted in a financial hardship.

7.  In January of 2011 Crawford called U.S. Bank to inquire about loan modification options. U.S. Bank informed her that to be eligible for any modification program she must be two months delinquent on her mortgage payments. Crawford discontinued submitting payments for the subsequent two months.

8.  Crawford submitted an application for a loan modification in March of 2011. Crawford was later told that US Bank had never received her application. She resubmitted her application in June of 2011.

9.  On May 31, 2011 U.S. Bank sent Crawford a notice that a foreclosure action would be initiated. On June 1, 2011 Crawford was sent a notice stating that the amount in default as of June 1, 2011 was $34,102.33.

10. On July 1, 2011 U.S. Bank sent Crawford a letter acknowledging the receipt of Crawford's Home Affordable Modification Program (HAMP) application. The letter also stated that once U.S. Bank had all required documentation and U.S. Bank had completed the verification process, then U.S. Bank would review the application to determine whether Crawford qualified for a modification. Additionally, the letter stated that while U.S. Bank was "working on making a determination regarding your eligibility we will not refer your loan to foreclosure, and any scheduled foreclosure sale not occur." The statement and policy is consistent with the HAMP guideline for loan modification applications.

11. On July 19, 2011, a Notice of Mortgage Foreclosure Sale was issued which stated that as of June 1, 2011 Crawford owed $2,213.09 to reinstate her mortgage. A subsequent notice stated that as of June 1, 2011 Crawford owed $5,622.84 to

reinstate her mortgage. Plaintiff made several inquiries seeking explanation for this conflict and discrepancy. She received no response or explanation.

12.    From January of 2011 through the end of October of 2011 Crawford actively pursued the HAMP modification by submitting and resubmitting documents as requested by U.S. Bank to assist in its assessment of Crawford's HAMP application.

13.    On August 30, 2011 U.S. Bank sent to Crawford another letter nearly identical to the July 1, 2011 letter referenced in 10 above.

14.    On September 7, 2011 the sheriff's sale, originally dated for September 13, 2011, was postponed until October 18, 2011.

15.    On October 3, 2011 Crawford was verbally notified that her HAMP application had been denied on September 9, 2011. Crawford had received no written notification of the denial.

16.    On October 7, 2011 U.S. Bank employee Alberto Santiago sent an email to Ms. Fagan-Crawford, plaintiff's mother and representative, wherein Santiago stated that according to the processor's notes from October 6, 2011 Crawford "is being reviewed for Hamp option." Santiago also stated that "[t]he loan has been passed 10/6 to be reviewed for HAMP."

17.    On October 11, 2011 U.S. Bank sent Crawford a letter stating that while Crawford's request was being processed, U.S. Bank would not refer her loan to foreclosure or conduct a scheduled foreclosure sale if her loan was already in foreclosure. Additionally, the letter stated that if Crawford was eligible then U.S.

Bank would process Crawford's package and, alternatively, if Crawford was ineligible then U.S. Bank would provide her with a non-approval notice.

18. Crawford received no further requests for information. Her loan modification was not processed nor did she receive a non-approval notice. Crawford waited for a response and received none. Crawford took no further action to prevent the foreclosure on her home in reliance on the October 7, 2011 email and October 11, 2011 letter from US Bank

19. On October 18, 2011 Crawford's home was sold by way of sheriff's sale. Plaintiff was unaware of the sale until after it had taken place.

20. On October 26, 2011 Ms. Fagan-Crawford received an email from Matt Bulva at U.S. Bank informing her that the only way U.S. Bank could finish the loan modification review was if Freddie Mac told U.S. Bank to roll back the sale and finish the review. Mr. Bulva told Ms. Fagan-Crawford to contact Freddie Mac to see if they would have U.S. Bank do so.

21. On October 31, 2011 Ms. Fagan-Crawford replied to Mr. Bulva, informing him that Victoria Lopez of Freddie Mac's Redemption Department had informed Ms. Fagan-Crawford that Freddie Mac would not touch Crawford's file until after the six month redemption period and that until that time U.S. Bank was the only entity that could do anything with Crawford's file, including finish her HAMP review. Ms. Lopez also expressed surprise that the sheriff's sale had not been postponed while the HAMP review was active.

22. Mr. Bulva replied on October 31, 2011, informing Ms. Fagan-Crawford that U.S. Bank does not modify loans after they have gone through foreclosure auction,

even if there is a redemption period, and that for a modification to be reviewed Freddie Mac would have to request a sale rescission.

23. On May 16, 2012 an eviction summons was issued to remove Crawford from her residence.

## COUNT I
### Breach of Contract

24. The allegations of paragraphs 1 through 23 are hereby reasserted as if stated herein.

25. Defendant U.S. Bank offered to process plaintiff's loan modification application if plaintiff provided all the required information and further agreed not to proceed with any foreclosure sale. Plaintiff Crawford accepted the defendant's offer by complying with all requests by U.S. Bank for documentation in order to maintain possession of her home. Plaintiff further refrained from taking any further action administratively or judicially in reliance on the representations and offer of US Bank This specifically outlined agreement met the requirements of a contract.

26. As a result of the offer, acceptance and consideration, with a requisite amount of specificity, a contract was formed.

27. Defendant U.S. Bank breached this contract by moving forward with a foreclosure sale despite an ongoing modification process.

28. The foreclosure sale was wrongful and materially harmed Crawford.

## COUNT II
### Violation of Statutory Right to Reinstatement

29. The allegations of paragraphs 1 through 28 are hereby reasserted as if stated herein.

6

30. Under Minn. Stat. §580.30, Subd. 1 plaintiff is given the right to fully reinstate her mortgage and prevent any foreclosure proceedings from going forward by paying the amount due on the mortgage, including insurance, taxes and fees. If such payment is made, the foreclosure "shall be thereupon abandoned."

31. Plaintiff was sent two conflicting amounts necessary to reinstate her mortgage. Plaintiff, through her representative, made multiple efforts to clarify the conflict and determine the proper amount necessary to reinstate her mortgage.

32. Plaintiff never received a response or any explanation for the conflict.

33. By failing to provide a reinstatement amount which could reasonable by relied upon by plaintiff, defendants violated Minn. Stat. §580.30 and plaintiff's statutory right to reinstate her mortgage.

34. The Minnesota Supreme Court has held that the requirements of the foreclosure by action statutes are to be strictly complied with and any violation of those requirements render the foreclosure null and void.

**WHEREFORE**, Plaintiff prays that the Court issue an Order:

A. Entering an Order declaring that the October 18, 2011 foreclosure sale be voided and plaintiff's mortgage be reinstated;

B. Entering an Order declaring that the foreclosure on plaintiff's home be declared unlawful and null and void;

C. Entering an Order enjoining the Defendants from prosecuting any unlawful detainer action against plaintiff;

D. Entering an Order enjoining any sale of the Property to a third-party;

E.  Granting Plaintiff such other and further equitable relief as the Court

    deems just and equitable.

Dated: August 2, 2012

                               SOUTHERN MINNESOTA REGIONAL
                               LEGAL SERVICES

                               Lawrence Moloney #165876
                               Attorney for Plaintiff Rowan
                               55 East Fifth St., Suite 400
                               St. Paul, MN 55101
                               651-222-5863

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.21, Subd. 2, to the party against whom the allegations in this pleading are asserted.

Lawrence A. Moloney